### LORING et ux. v. PEACOCK et al.
### No. 14141.

Court of Civil Appeals of Texas. Dallas.

Nov. 18, 1949.

Rehearing Denied Dec. 9, 1949.

Eades & Eades and Alva J. Richey, all of Dallas, for appellants.

Jack Johannes, M. M. Priest and G. H. Kelsoe, Jr., all of Dallas, for appellees.

BOND, Chief Justice.

This is an appeal from judgment of a district court of Dallas County sustaining appellees' plea to the jurisdiction of the court and dismissing appellants' suit. Since evidence is not before us, we are limited in our consideration to the pertinent allegations contained in appellants' petition. It makes no difference what the evidence may develop on trial; it is the petition which must be looked to on the question of jurisdiction. The potential jurisdiction of the court must be affirmatively shown by sufficient allegations over the subject matter. The district court has original jurisdiction in suits where the matter in controversy shall be valued at, or amount to, $500 exclusive of interest, and of "suits for the trial of title to land and for the enforcement of liens thereon"; art. 5, sec. 8, Texas Constitution, Vernon's Ann.Civ. St.; art. 1906, R.S.

Appellants as plaintiffs alleged that on March 20, 1949 they entered into a written

contract with the defendants S. A. Peacock and wife Carrie Peacock, acting by and through their duly authorized agent, John Christmas, for the purchase of a tract of land described in the contract as "lying and situated in 1848 McMillan, City of Dallas, Lot 15—2 ft. Lot 14, Block 1976 A", for the sum of $8,750, of which $400 was deposited by the purchasers as earnest money with the agent of the sellers pending examination of title and furnishing "title policy" and the closing of the sale by proper conveyance. The contract is attached to plaintiffs' petition and made a part thereof, designating appellants as Purchaser and appellees S. A. Peacock and wife as Seller, and provides that the seller agreed to sell and the purchaser agreed to buy the property described. The contract specifically provides, pertinent here, that "should the purchaser fail to consummate this contract as specified for any reason, except title defects, seller shall have the right to retain said cash deposit as liquidated damages for the breach of this contract, and shall pay to agent therefrom the sum of $400 or seller may enforce specific performance of this contract." The appellants further alleged that the purported contract of sale is insufficient as a matter of law to constitute a valid enforceable contract for the sale of real estate, in that the description therein set forth is too vague, indefinite and uncertain, therefore unenforceable and void under the statute of frauds in this state; that it should be canceled and held for nought, and that plaintiffs (appellants) should be released from all liability thereunder and the earnest money of $400 be returned to them. They further alleged "That plaintiffs have demanded of the defendants a return of said earnest money and the defendants have failed and refused and still fail and refuse to comply with plaintiffs' request, and plaintiffs are now entitled to a judgment against said defendants jointly and severally for the sum of $400.00, together with interest thereon as provided by law." In the prayer plaintiffs ask for cancellation of the contract and for the sum of $400 with interest from date of suit (April 23, 1949), all costs of suit, and for general relief.

It will be seen from plaintiffs' petition that the suit presents an action for cancellation of an alleged contract for the sale of land and for refund of the $400 earnest money on grounds other than "title defects"; hence under the express terms of the contract, the $400 involved is, at the option of the seller, "liquidated damages" for breach of the contract. There is no allegation that the sellers (appellees) have exercised or threatened to exercise the option to enforce specific performance of the contract as shall affect title to the land therein described; or that the title to the land is in any way involved; or that any lien thereon is sought to be enforced. If, forsooth, plaintiffs are entitled to a cancellation of the contract for the reasons alleged, their only right of recovery is judgment for the $400. The contract comes incidentally into the suit as evidentiary of appellants' right to recover the $400. In protection of plaintiffs' right to the $400, the court was not required to enter any order involving cancellation of the contract. Clearly appellants' right to the $400 would fully protect them by judgment as against the enforcement of the contract. Then, on the other hand, appellants having alleged that they had demanded payment of the $400 and that appellees (sellers) had refused such payment, tantamount to alleging that appellees had elected not to exercise their option to enforce specific performance. The liquidated damage clause in the contract and appellees' election to hold, against appellants' demand, the earnest money as damages effectively limits appellants' suit to the $400. Manifestly, appellants could not recover the $400 without the contract being canceled. Then, too, appellees, having elected the $400 as liquidated damages, are precluded from specific performance.

The court, having the power to determine appellants' right to recover the $400, must necessarily determine that right on the insufficiency of description of the land as related in the contract. In so doing, the contract is shorn of all efficacy.

"In actions for a debt or damages, in amounts within the jurisdiction of the county courts, the right of recovery may depend upon the title to land. The court having the power expressly given to determine such right to recover must decide all questions of law and fact upon which its determination depends. Thus the question of title comes incidentally into the case, and must be decided before the court can render judgment settling the claims in dispute." Putty v. Putty, Tex.Civ.App., 6 S.W.2d 136, 138. In the case at bar appellants raised no question as to title to any land; on the contrary, disaffirming the contract in order to recover their claim for $400 advanced as earnest money. Appellants cite Gossett v. Manley, Tex.Civ.App., 43 S.W.2d 622, as a case in point on the jurisdictional issue. The factual background there is entirely different from that alleged in the instant suit. In that case appellee Manley purchased certain real estate from appellant Gossett and agreed to pay for said lot the sum of $2,500; did pay $350 on the consideration and obligated himself to pay the remainder in monthly installments of $30 each. Subsequently a contract was entered into which the purchaser elected to rescind because of fraud, and sought to recover the amount previously paid on the $2,500 consideration and to cancel the balance. The full consideration of $2,500 was an outstanding obligation; hence recovery of the payments made thereon would not cancel, without pleadings, the balance due on the $2,500 obligation. Necessarily, the cancellation of the $2,500 obligation was involved, to accord the plaintiff full relief. In the case here, the contract and the $400 were preliminary covenants only to become binding obligations upon faithful performance. The cancellation of the contract in this suit is not essential for plaintiffs to get full relief. The return of their $400 would make them whole. "Where no injury at all is caused or threatened to complainant by the existence of the instrument uncanceled in other hands, a court of equity will not interfere. Thus, where pending a suit to rescind a contract the contract expires of its own terms (as here)

so that there is no necessity for a rescission, plaintiff's remedy is on the contract." 12 C.J.S., Cancellation of Instruments, § 8, p. 94. The $400 is the gravamen of the suit; jurisdiction lies in the County Court.

The judgment of the court below is affirmed.