Clemence C. BARSTOW, Appellant,

v.

Robert E. JACKSON, Appellee.

No. 14689.

Court of Civil Appeals of Texas.

San Antonio.

May 29, 1968.

Lightsey & Dorlon, San Antonio, for appellant.

Stolhandske & Stolhandske, San Antonio, for appellee.

KLINGEMAN, Justice.

Suit by Robert E. Jackson against Clemence C. Barstow for damages to his automobile arising from a collision between their vehicles. Tindall Pontiac, Inc., intervened asserting that by virtue of an agreement between Tindall and Jackson, Tindall was entitled to recover the sum of $513.67 for certain repairs done to plaintiff's automobile by Tindall, out of any amount which plaintiff might recover against defendant, and plaintiff and intervener stipulated in open court that plaintiff was bound by such agreement. Trial was to the court without a jury. Defendant admitted liability to the extent of $433.22 and tendered such amount in the trial court. The trial court entered judgment in favor of plaintiff in the amount of $600.00. The parties will be re-

ferred to herein as designated in the trial court.

Defendant asserts that there is no evidence to support the judgment for damages in the amount of $600.00, and that as a matter of law the correct amount of damages is $433.22, and also asserts that the award of damages in the amount of $600.00 is so against the great weight and preponderance of the evidence as to be clearly wrong.

■ The general rule for measuring damages to personal property is the difference in the market value immediately before and immediately after the injury to such property at the place where it was damaged. Pasadena State Bank v. Isaac, 149 Tex. 47, 228 S.W.2d 127 (1950); Wilson v. Metcalf, 257 S.W.2d 855 (Tex.Civ.App.—Amarillo 1953, writ ref'd n. r. e.); Dallas Railway & Term. Co. v. Strickland Transp. Co., 225 S.W.2d 901 (Tex.Civ.App.—Amarillo 1949, no writ; 17 Tex.Jur.2d, Damages, § 92; Blashfield, Cyclopedia of Automobile Law & Practice, Vol. 6, Perm. Ed., § 3415.

Two witnesses testified with regard to such market values. Plaintiff, who stated that he was a used car dealer and a carpet contractor, testified that he knew the market value of his automobile in Bexar County, Texas, immediately prior to the time it was involved in the collision and the market value in Bexar County immediately after the collision; that the market value immediately before the collision was approximately $2,700.00 and the market value immediately after the collision was approximately $1,200.00, or a difference of approximately $1,500.00. Gene Colbert, an employee of Hemphill-McCombs Ford, testified that he had been in the car business for about ten years and that the market value of plaintiff's automobile immediately before the accident was approximately $3,000.00 and immediately after the accident was approximately $1,800.00, or a diminution in value of approximately $1,200.00. Colbert's

testimony as to when he had seen plaintiff's automobile was somewhat indefinite.

■ Defendant contends that such testimony is not credible because the difference in market value testified to is in excess of the amount sued for by plaintiff and exceeds the jurisdiction of the court. Defendant did not file a plea to the jurisdiction of the court and does not contend on this appeal that the court was without jurisdiction. In any event, plaintiff's original petition sought recovery in the amount of $900.00, an amount within the constitutional jurisdiction of the county court, and the fact that there was opinion testimony as to damages in excess of $1,000.00 did not deprive the court of jurisdiction. Isbell v. Kenyon-Warner Dredging Co., 113 Tex. 528, 261 S.W. 762 (1924); Cook v. Jaynes, 366 S.W.2d 646 (Tex.Civ.App.—Dallas 1963, no writ); Loring v. Peacock, 225 S.W.2d 206 (Tex.Civ.App.—Dallas 1949, writ ref'd n. r. e.); McDonald, Texas Civil Practice, § 6.09, p. 548. Nor does it prove that such testimony was not credible or had no probative value.

The only other testimony as to the amount of damages was given by Herman Stieferman, an automobile damages appraiser for Fischer Auto Damage Appraisers, but who, at the time of the accident, was employed as the manager of Tindall Pontiac Body Shop. He testified that the repairs to such automobile were made on the basis of an estimate made by another appraiser, which estimate was agreed to by him and which estimate showed damages in the amount of $433.22. Plaintiff's automobile was a 1962 Pontiac Tempest about two months old, which had a mileage of approximately 1,000 miles. There was testimony that there was damage to the frame, bumper, grill, radiator, and other damage. Mr. Stieferman testified that in his opinion the car was properly repaired, and there was other testimony that the car was put back in the same condition as it was before the accident. This testimony was controverted by plaintiff who testified that his automobile was not restored to the same condition as it was be-

fore the accident, that it was hard to steer, that the vibration was real bad, and that he had to have additional repairs done. It is to be noted that the amount claimed by Tindall for repairs to said automobile in its intervention is $513.67, or in excess of the amount shown by the estimate.

■ The owner of property can testify to his opinion of the value of such property though he may be unable to qualify himself as such a witness to like property belonging to another. Hillin v. Hagler, 286 S.W.2d 661 (Tex.Civ.App.—Fort Worth 1956, no writ); 3 Wigmore, Evidence, § 716, p. 48 (1940). This Court in Cortez v. Mascarro, 412 S.W.2d 342 (1967, no writ), said: "The general rule is that anyone familiar with the value of the thing in question is competent to give his opinion as to value. In the absence of a request for voir dire examination, the competency of the witness is established by his statement that he knows the value of the article in question. 2 McCormick, Texas Law of Evidence, § 1422, p. 260 (1956). The strength or weakness of the qualifications of the witness is merely a factor to be considered in weighing his testimony. Johnson v. Egert, 233 S.W.2d 958 (Tex.Civ.App., 1950, writ ref'd n. r. e.)."

■ It is well settled that the qualification of a witness to testify on the question of value is primarily to be determined by the trial court, and the ruling of the trial judge will not be disturbed on appeal unless it is so clearly wrong as to show an abuse of discretion. Slack v. Magee Heirs, 252 S.W.2d 274, affirmed 152 Tex. 427, 258 S.W.2d 797 (1953); Foley Bros. Dry Goods Co. v. Settegast, 133 S.W.2d 228 (Tex.Civ.App.—Galveston 1939, writ ref'd).

■ The amount of damages found by the trial court was within the range of testimony damages of the witnesses. The trier of the facts is not bound by the testimony of any witness as to the amount of damages and could adopt the testimony of each of the witnesses in part and reject it in

part. City of Houston v. Raborn, 409 S.W. 2d 480 (Tex.Civ.App.—Waco 1966, writ ref'd n. r. e.); McConnico v. Texas Power & Light Co., 335 S.W.2d 397 (Tex.Civ.App. —Beaumont 1960, writ ref'd n. r. e.); Coastal Transmission Corp. v. Lennox, 331 S.W.2d 778 (Tex.Civ.App.—San Antonio 1960, no writ).

The judgment of the trial court is sufficiently supported by the evidence and is affirmed.