J. E. STEWART, Appellant,

v.

James F. FRAZIER, Appellee.

No. 17513.

Court of Civil Appeals of Texas, Dallas.

Nov. 20, 1970.

Rehearing Denied Dec. 11, 1970.

Paul W. Leech, Behan & Leech, Grand Prairie, for appellant.

Norman P. Hines, Jr., Hines, Lair & Dollinger, Dallas, for appellee.

BATEMAN, Justice.

The appellant J. E. Stewart was the defendant in this property damage suit arising out of an automobile collision, and appeals from the judgment rendered in favor of appellee James F. Frazier in a nonjury trial. Appellant raises two points of error on appeal.

The first complains of the action of the trial court in deeming appellee's request for admissions Nos. 1, 2, 3 and 4 as admitted because of appellant's failure either to admit or deny the truth thereof. Pursuant to Rule 169, Vernon's Texas Rules of Civil Procedure, appellant was requested to admit, *inter alia*, that at the time of the collision he was the owner and driver of the 1958 Cadillac automobile involved in the collision with appellee's automobile.

Appellant filed a sworn answer to the request for admissions in which he declined to answer the first four "because any answer he gives may tend to incriminate him concerning a penal statute of the State of Texas, in connection with the matters inquired about in said questions and pleads the 5th amendment to the United States Constitution and Art. 1, Sec. 10 of the Constitution of the State of Texas."

Appellant's position is that if he had complied with these requests and admitted that he was the owner and operator of the automobile involved in the collision he would possibly have subjected himself to prosecution under Sections 39, 40 and 143 of Art. 6701d, Vernon's Ann.Civ.St. He points out that the accident was alleged to have occurred on January 21, 1968, and that the case was tried on January 19, 1970, and that the statute of limitation (Art. 12.05, Code of Criminal Procedure) would not have barred such prosecution until two days after the trial.

We see no merit in this point. He was not asked to admit that he had failed to do any of the things prescribed by law; he was merely asked to admit that he

owned the car and was driving it at the time of the accident.

One of the cases cited by appellant is Campbell v. Peacock, 176 S.W. 774 (Tex. Civ.App., San Antonio 1915, no writ). There the plaintiff sought an injunction against the operation by the defendant of a bawdyhouse. He called her as an adverse witness to testify to her ownership of the property, to which she objected on the ground that her answer might tend to incriminate her. The court held against her, however, saying:

> "There was no impropriety in asking appellant the questions objected to. It is statutory that either party to a suit may be examined by the opposing party as a witness just as any other witness would be examined. Article 3647. Ownership was established by other testimony, and if there had been error in admitting the testimony, it could not have damaged appellant."

In another case cited by appellant, Sovereign Camp of Woodmen of the World v. Bailey, 234 S.W. 412 (Tex.Civ.App., San Antonio 1921, writ ref'd), it was said:

> "It is well settled that the good faith of a refusal to answer questions because the witness fears such answers would tend to incriminate him may be properly inquired into. The motive that causes such refusal cannot always be seen on the face of the questions. * * * But, as said, whether the refusal is made in good faith may always in a proper and legitimate way be the subject of inquiry."

It is quite apparent from the record before us and the oral argument on submission that appellant's real purpose in refusing to answer the request for admissions was, not to prevent being a witness against himself in a criminal prosecution, but to hinder appellee in this common law damage suit from proving an essential part of his case; viz., that appellant was in fact the owner and operator of the other vehicle. Appellee had a right under the rules either to solicit appellant's sworn answers to the request for admissions or to call him as an adverse witness.

Moreover, even if the trial court erred in this action, the appellant has not carried the burden of demonstrating that he was harmed thereby, for he was readily identified in the courtroom by appellee's wife, who was driving appellee's car. Rule 434, T.R.C.P.

For the reasons given, the first point of error is overruled.

Appellant's second point of error is:

> "The trial court erred in overruling defendant's objections to Plaintiff's qualification as a witness to the damages and to the admission as to the amount of damages." (*Sic*)

We have carefully examined the entire record of the evidence on the amount of damages and, without burdening the opinion with a recitation thereof, find that by application of the general rules set forth in Pasadena State Bank v. Isaac, 149 Tex. 47, 228 S.W.2d 127 (1950), for the assessment of damages to personal property there is sufficient evidence to support the judgment.

Appellee testified that he was familiar with the values of used automobiles in the area, and the amount of the judgment was well within the range of his testimony as to the value of his vehicle before and after the collision. While his qualifications were perhaps not adequate to enable him to give expert testimony as to, like property belonging to others, he could properly testify to his opinion of the value of his own vehicle. Barstow v. Jackson, 429 S.W.2d 536 (Tex.Civ.App., San Antonio 1968, no writ); Merrill v. Tropoli, 414 S.W.2d 474 (Tex.Civ.App., Waco 1967, no writ).

Appellant also argues that the judgment is improper because appellee did

not prove the market values before and after the collision at the place where the collision occurred. It is true that the words "at Dallas, Texas" do not appear in either the questions or the answers on this subject, but it is quite obvious from the record as a whole that in discussing the values appellee was talking about its value in the City of Dallas. Both parties lived in Dallas; the collision occurred in Dallas; and there is nothing in the record to show that either appellee, or his wife or the automobile itself had ever been outside of the City of Dallas, Texas. Under these circumstances we decline to hold that reversible error is shown in this respect. Cree v. Miller, 255 S.W.2d 565, 574 (Tex. Civ.App., Eastland 1953, writ ref'd n.r.e.).

Both of appellant's points of error are overruled, and the judgment is affirmed.