**CLASSIFIED PARKING SYSTEM,**
Appellant,

v.

**Homer T. KIRBY, Appellee.**

No. 957.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 20, 1974.

Rehearing Denied April 10, 1974.

George Red, Red & Kemp, William R. Powell, Houston, for appellant.

Chilton Bryan, Lowell T. Cage, Houston, for appellee.

CURTISS BROWN, Justice.

This is a bailment case.

On October 6, 1970, appellee Homer T. Kirby (Kirby) loaned his 1969 Buick LeSabre to his brother-in-law Harold Simpson (Simpson). Simpson drove the car to downtown Houston and parked it in appellant's parking lot located at the intersection of Capitol and Smith streets, at approximately 1:00 in the afternoon. When he returned for the car at 8:00 that evening, the attendant had left the lot and the car was missing. Both Simpson and Kirby reported to the Houston Police Department that the car had been stolen. It was recovered in January 1971 in a damaged condition. Kirby brought suit to recover the difference in value of the car before and after the theft. Trial was to a jury on special issues, and judgment on the verdict was entered that Kirby recover $2,100 from appellant Classified Parking System (Classified).

Simpson testified by deposition that when he entered the lot that day the attendant was busy, that he paid in advance approximately two dollars in cash, that he was told to leave the keys in the car, and that he received no claim ticket. He further stated that he was not told that the lot would close at 5:30 in the afternoon and that he did not see the sign located on the lot which gave this information. Testimony by representatives of Classified indicated that it is presently their practice to remove the keys from all cars left on the lot after closing time; nevertheless, this was not their practice at the time of the theft of Kirby's car. There is conflicting, confused testimony as to what the attendant did, or might have done, on October 6, 1970. The attendant testified that he did not remember Kirby's car being left in his lot. He also testified, however, that some 140 cars are parked there each day and that he obviously could not remember all of them.

The jury found in response to special issues that the attendant failed to remove the keys from Kirby's car, that that failure was negligence, and that it was the proximate cause of the occurrence. Contrary to appellant's contentions there was ample evidence to support the submission of these issues and the jury's findings.

Appellant's other main complaint on appeal is the manner in which damages were proved. Kirby testified that he purchased the car on February 12, 1969, that at the time of the theft it had been driven approximately 24,000 miles, and that it was in very good condition. He then testified as to its value as follows:

Q Do you have an opinion as to the value of the car on the day it was stolen?

MR. RED: I object to that, your honor.

THE COURT: Overrule the objection.

Q (By Mr. Cage) Do you have an opinion?

A To me the car was worth at least $3500.

Q That is your opinion as to its value?

A Yes, sir.

At the time the car was recovered in January 1971, Kirby sold it to Mr. Paul White (White). White was called by appellee as an expert witness to establish the value of the car when it was recovered. White testified that he had been in the insurance appraisal business for over thirty years and that he had often made appraisals on automobiles. He stated that he was familiar with the prices of new and used cars in and around Houston, Texas, and that he was familiar with them in October of 1970 and in January of 1971. He testified to value as follows:

Q (By Mr. Cage) Let me ask it again: At the time you examined the car for the purposes of making a bid on it did you at that time come to an opinion, based on your training, as to the reasonable market value of the automobile in the condition it was in at that time?

A Yes, sir.

Q And what was the value of it at that time, in your opinion?

A $1400.

Q In your opinion $1400 was a reasonable market value in Harris County?

A Yes, sir.

The jury found the value of the car before the theft to be $3500, and after it was recovered to be $1400, resulting in judgment for Kirby for $2100.

■■■ Appellant complains that the testimony of Kirby and White was insufficient to support the submission of issues on the value of the car. As to White it is argued that a proper predicate for his testimony was not laid because it was never shown that he was familiar with the value of damaged automobiles and their value in the vicinity. This is unnecessary. The qualification of an expert witness is a question for the trial court in the exercise of judicial discretion. Standard Motor Company v. Blood, 380 S.W.2d 651 (Tex.Civ.App.–Houston [1st Dist.] 1964, no writ). White was properly qualified as being familiar with the reasonable value of automobiles in the vicinity, at the time in question, and it would be no more necessary to show that he was familiar with the value of damaged vehicles, than it would be to show expertise with respect to domestic or foreign cars, or to large or small ones.

■■ Appellant also contends that Kirby's testimony is not sufficient to support issues or answers as to the value of the car before it was stolen, because there was no predicate laid that he was familiar with the reasonable value of vehicles in the vicinity at the time. As a general rule, anyone familiar with the value of property is a competent witness to give his opinion of that value. Cortez v. Mascarro, 412 S.W.2d 342 (Tex.Civ.App.–San Antonio 1967, no writ). Further, the owner of property can testify as to his opinion of value of that property even though he would be unable to qualify himself to testify as to the value of the property owned by another. Barstow v. Jackson, 429 S.W.2d 536 (Tex.Civ.App.–San Antonio 1968, no writ). The qualification of a witness is a question to

be determined in the discretion of the trial court, Standard Motor Company v. Blood, *supra*, and the strength or weakness of the qualifications of a witness is merely a factor to be considered in weighing his testimony. Cortez v. Mascarro, *supra*. These rules are liberally construed when the witness testifying is the owner of the article in question, and as stated in 3 Wigmore, Evidence, sec. 716 (1940), the owner of a chattel, "whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth." In this case there was no evidence which would contradict the values set by Kirby and White.

■■■ Appellee presents a cross-point claiming that White should have been allowed to testify as to the value of the car before the theft, based on hypothetical questions embodying facts already in evidence as to the description and condition of the car. The court sustained an objection to such testimony, which objection complained that White could not so testify unless it was shown that he had seen the car in the described condition. This was clearly erroneous. The entire theory upon which opinions of experts are received removes the requirement of actual personal knowledge as the basis of testimony. The utility of using an expert is that he can draw inferences from the evidence more reliable than those of the jury. Therefore, he is not confined to giving opinions on facts within his own knowledge. It is an accepted and proper method to obtain his opinion in response to a hypothetical question which embodies facts in evidence. *See* C. McCormick & R. Ray, Evidence, sec. 1402 (1956). Although the exclusion of this testimony was erroneous, it did not cause the rendition of an improper judgment. Texas Rules of Civil Procedure, rule 434.

All of appellant's points have been considered and are overruled.

Affirmed.