Joe PUTMAN, Appellant,

v.

Doris SANDERS, Appellee.

No. 8663.

Court of Civil Appeals of Texas, Amarillo.

April 30, 1976.

Crenshaw, Dupree & Milam, Cecil C. Kuhne, Lubbock, for appellant.

Griffith & Brister, Thomas J. Griffith, Lubbock, for appellee.

REYNOLDS, Justice.

Doris Sanders recovered a money judgment against Joe Putman for damage sustained to her automobile while it was in the possession of Putman who had repaired it at the request of her son. The trial court's determinations of a bailment and the amount of damage have the requisite evidentiary support to hold Putman liable because he failed to rebut the presumption of his negligence. Affirmed.

In January of 1974, Doris Sanders purchased a 1969 Buick automobile for $1,195. She agreed to permit her son, Don Sanders, to use the Buick for job transportation on the condition that he have the transmission fixed. On 14 April 1975, Don contracted with Joe Putman, the owner and operator of Fourth Street Automobile Transmissions

located on the southwest corner of the curved off-set intersection of Avenue D and Fourth Street in Lubbock, Texas, to overhaul the transmission. Don made a down payment of fifty dollars and the balance was to be paid when the repairs were made. Putman pushed the Buick from Doris Sanders' yard to his garage. He recharged the battery, inflated the tires and repaired the transmission. When the car was ready for delivery on April 15, Don did not have the $146.60 balance due and he told Putman he would pay the balance on the first of the month. Putman retained possession of the Buick. He kept the car in his garage at night and moved it out on his lot during the day so he could work on cars in the garage. After some three or four days the Buick's battery "went down" and Putman left it where it was parked some ten feet south of the curb on Fourth Street and about eighteen feet west of the Avenue D curb. Fourth Street is a heavily travelled U. S. highway. When Putman came to work on the morning of April 21, he saw skid marks indicating to him that a car had travelled across Fourth Street, over the curb and hit the Buick. The investigating officer concluded that an unidentified vehicle driven by an unknown driver had collided with the parked Buick, but he freely volunteered that he did not know the cause of the collision. The damage to the Buick, which had a speedometer reading of 90,000 miles, was photographically depicted. Putman did not learn until after the damage that Doris Sanders owned the Buick.

Doris Sanders pleaded, among other grounds for recovery, the theory of mutual bailment. Putman answered and, without joining Don Sanders, counterclaimed against Doris Sanders for the repair balance of $146.60, pleading that he

. . . at the special instance and request of Mr. Don Sanders, son of Cross-Defendant [Doris Sanders] herein, undertook to repair the automobile of Cross-Defendant in the regular course of his business. Cross-Defendant thereby became bound to pay . . . ..

\*  \*  \*  \*  \*  \*

IV.
Cross-Defendant has not provided payment for such labor and materials furnished by Defendant/Cross-Plaintiff [Joe Putman] at Cross-Defendant's request,

. . .

Consistent with his pleadings, Putman requested Doris Sanders to, and she did, admit that her automobile was presented to Putman for repairs at the instance and request of her son, Don Sanders, who was acting for and on her behalf.

Trial was before the court without the intervention of a jury. Additional to hearing an elaboration of the facts just stated, the court: heard from Doris Sanders, over objection, that the value of her Buick before the damage was $900 to $950 and afterwards it was worth $100 or less; heard from a used car dealer that the Buick had a before-damage market value of $350; heard evidence of automobile accidents occurring in the vicinity of and at the intersection, but that no car had jumped the curb and hit a car parked on Putman's property prior to the occasion in litigation; and admitted, over Putman's objection, a verified copy of a record kept by the Lubbock Traffic Engineering Division of automobile accidents occurring near and at the intersection.

The court, finding that the Buick had a before- and an after-damage market value of $796.60 and $150 respectively, rendered judgment in favor of Doris Sanders for $646.60, judgment in favor of Joe Putman for $146.60, and a net judgment of $500 in favor of Doris Sanders. At Putman's request, the court made and filed findings of fact and conclusions of law.

■ In appealing, Putman first attacks, on grounds of no evidence and factually insufficient evidence, the court's factual finding that Doris Sanders engaged Joe Putman to repair the transmission of her Buick and the court's legal conclusion that the parties occupied the relationship of bailor and bailee. The attack is repelled because, if for no other reason, Putman has judicially admitted by his pleadings the contract for and the act of bailment which he now contends were not proved.

*Adair v. Roberts,* 276 S.W.2d 565, 569–70 (Tex.Civ.App.—Texarkana 1955, no writ), cites several Texas cases speaking of the elements of a bailment. There, in essence, a bailment is denominated as the delivery of personal property by one person to, and acceptance by, another under contract, express or implied, for a specific purpose which shall be faithfully executed and, when the purpose has been carried out, the property shall be redelivered or accounted for. By his counterclaim pleadings, Putman admitted all of the necessary elements of the bailment and, thereby, he formally waived proof of the elements and is barred from disputing it. *Gevinson v. Manhattan Construction Company of Oklahoma,* 449 S.W.2d 458, 466 (Tex.1969). The principle of judicial admission is particularly applicable here where the pleadings admitting the bailment are the only pleadings which support the judgment Putman recovered. The first two points of error are overruled.

■ We do not reach Putman's points four through eleven, inclusive. Putman utilizes these points to assert that Doris Sanders produced no evidence or insufficient evidence to prove her alternative theories of recovery, and to support the court's findings and conclusions, that the doctrine of res ipsa loquitur applied and that Putman's negligence proximately caused the damage to her automobile. By these points he does not contend that it was established conclusively, or as a matter of law, that the damage to the Buick was due to some cause other than his own negligence; rather, he argues that Doris Sanders did not produce evidence of his negligence proximately causing the damage. The approach misses the mark. Once the bailment was established, proof that the bailed Buick was damaged while in Putman's possession made a prima facie case of negligence against Putman and, unless he produced evidence of some other cause of the damage, Doris Sanders was not required to proceed with additional evidence of Putman's negligence. *Trammell v. Whitlock,* 150 Tex. 500, 242 S.W.2d 157, 159 (1951). *Accord, Buchanan v. Byrd,* 519 S.W.2d 841 (Tex.1975).

■ Thus, to overcome the prima facie case of his negligence, Putman had the burden of showing that the damage resulted from some other cause consistent with due care on his part. *Rhodes v. Turner,* 171 S.W.2d 208, 214 (Tex.Civ.App.—Fort Worth 1943), *mandamus to certify points of dissent ref'd sub nom. Rhodes v. McDonald,* 141 Tex. 478, 172 S.W.2d 972 (1943). True, there is evidence that the damage was inflicted when a third party collided with the Buick for which Putman says he is not responsible, but it was Putman's responsibility to show what caused the damage despite due care on his part. Mere evidence of a collision without showing its cause, coupled with testimony that a similar collision had not happened previously, is not, without more, evidence that Putman exercised due care to prevent the damage to the Buick he left exposed contrary to his established practice of garaging it at night. The showing made is no more explanatory of what caused the damage than was the unexplained wreck that damaged the trailer in *Trammell* or the unexplained open gate through which the horse escaped to be killed by a train in *Buchanan.* It is, in the words of *Buchanan* quoting *Trammell,* "an 'explanation which does not explain'" and it does not rebut the presumed negligence on the part of Putman. Consequently, Doris Sanders was not required to go forward with additional evidence of negligence, and the complained of findings and conclusions by the court become immaterial.

■ Because Putman failed to rebut his presumed negligence, we do not determine whether it was error, as assigned in point three, for the court to admit in evidence, over Putman's objection that the proper predicate was not laid, the City of Lubbock record of automobile accidents occurring at or near the intersection of Avenue D and Fourth Street. If error, it was harmless, for the record does not bear upon the theory of recovery sustained.

Points twelve and thirteen are no evidence and factually insufficient evidence points challenging the court's findings that the Buick had a before-damage market val-

ue of $796.60 and an after-damage market value of $150 and conclusion that the amount of the damage of $646.60. The crux of the challenge is that the value testimony of Doris Sanders is not entitled to any weight because she did not establish her familiarity with market values of automobiles in Lubbock County.

■ It seems well settled that the owner of an automobile may testify to the value of his own car before and after a collision even though his qualifications are not adequate to enable him to give expert testimony as to like property owned by others. *Stewart v. Frazier*, 461 S.W.2d 484, 486 (Tex.Civ.App.—Dallas 1970, no writ). The weight to be given the owner's testimony is for determination by the trier of the facts. *Cortez v. Mascarro*, 412 S.W.2d 342, 343 (Tex.Civ.App.—San Antonio 1967, no writ). The court was justified in blending all the evidence before it concerning the Buick automobile, *McConnico v. Texas Power & Light Company*, 335 S.W.2d 397, 399 (Tex.Civ.App.—Beaumont 1960, writ ref'd n. r. e.), to arrive at the values that are within the range of the admissible testimony. *Barstow v. Jackson*, 429 S.W.2d 536 (Tex.Civ.App.—San Antonio 1968, no writ). The before-damage market value found by the court was not as high as the maximum value testified to and the after-damage market value fixed by the court was not as low as the minimum value expressed in the testimony. The last two points of error are overruled.

The judgment is affirmed.