**Jack Keith BOWER, Appellant,**

v.

**PROCESSOR AND CHEMICAL SERVICE, INC., Appellee.**

**No. B14–83–506CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 3, 1984.

William A. Petersen, Jr., Houston, for appellant.

Steven J. Watkins, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Jack Keith Bower, appeals from a judgment against him for $1,402.87 arising out of an automobile accident. After a bench trial, the trial judge entered a judgment in favor of Processor and Chemical Service, Inc. for that amount. We affirm.

Appellant brings ten points of error on appeal. In points of error one, two and three, appellant argues that there was no evidence or insufficient evidence as to the amount of damages sustained by appellee. In point of error four, appellant claims that the trial court erred in overruling his objection to the qualifications of Richard Bartley to testify on the issue of damages. In points of error five, six, seven, and eight, appellant contends that the evidence was insufficient to support a finding of negligence by appellant. Points of error nine and ten assert that the evidence and the Findings and Fact do not support the Conclusion of Law that appellant is indebted to appellee for $1,402.87. We disagree with these contentions.

Appellee, Processor and Chemical Service, Inc., brought suit for damages based on a collision between appellant's vehicle, a truck, and a company vehicle driven by an employee, Richard Scroggins. At about 7:30 p.m. on October 18, 1980, both vehicles were headed west on Loop 610 in Houston.

Mr. Scroggins testified that he was driving 50 to 55 miles per hour when appellant passed him in the lane to his right. Shortly thereafter, appellant spun out, hit the guardrail on the inside lane, crossed back to the right and hit appellee's vehicle, a van, on the left side.

Appellant testified that he, too, was driving 50 to 55 miles per hour, keeping up with the flow of traffic. He said that just before he lost control, something cut his tire and he had a blowout. He stated that he had bought new tires that morning. Appellant testified that when the tire blew, he applied his brakes, but the streets were wet and he kept sliding.

Processor and Chemical Service, Inc. is a closely held corporation of which Mr. Richard Bartley is president and sole shareholder. Mr. Bartley testified that a year earlier he had purchased the van for $8,000 to $9,000. He said that in his opinion the reasonable market value of the van was $6,000 immediately before the accident and $4,000 after the accident before any repairs.

On cross-examination, Mr. Bartley stated that these value figures were only his opinion and that he was not an expert. He gave no basis for the figures other than that they were his opinion.

The trial judge found appellant negligent and entered a judgment against him for $1,402.87, an amount supported by the pleadings and less than the $2,000 in damages to which Mr. Bartley testified.

We will first discuss the issues related to the sufficiency of the evidence to support the court's finding that appellant was negligent, which are raised by points of error five, six, seven, and eight. Appellant raises both legal and factual sufficiency.

Where legal insufficiency points of error are raised, such as "no evidence" or "as a matter of law," we are charged with reviewing the evidence which tends to support the findings of fact. We also must give effect to all reasonable inferences that may be drawn properly from the findings, and we must disregard all contrary or conflicting evidence. *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 904 (Tex.1980); *Butler v. Hanson*, 455 S.W.2d 942, 944 (Tex. 1970); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965) [other citations omitted]. *Bendele v. Tri-County Farmers Co-op*, 635 S.W.2d 459, 465 (Tex.App.—San Antonio 1982) affirmed in part, vacated in part on other grounds 641 S.W.2d 208 (Tex. 1982).

Where factual insufficiency points of error are raised, such as "insufficient evidence" or "great weight," we are charged with examining all the evidence, including any evidence contrary to the

findings of fact filed by the trial court. If the evidence supporting the findings of fact is so weak or the evidence to the contrary is so overwhelming that the findings should be set aside, then a new trial should be ordered; however, if the evidence does support the findings, then we must affirm the judgment. *See In Re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951) [other citations omitted].

*Id.* at 467.

■ The trial court found that appellant was guilty of negligence in the operation of his vehicle and that his negligence was the sole proximate cause of the collision resulting in damages to appellee. The evidence showed that Scroggins was driving 50 to 55 miles per hour and that appellant passed him. The road was wet from rain. Appellant testified that he had a blowout and that he was driving 50 to 55 miles per hour. The court found that appellant was driving too fast for the road conditions and was speeding. The evidence supports a finding of negligence. We overrule points of error five, six, seven and eight.

In point of error four, appellant alleges that the trial court erred in overruling his objection to the qualifications of Richard Bartley to testify on the issue of damages. We disagree.

■ The owner of an automobile may testify as to its value before and after a collision even though he would not be qualified to testify as to the value of like property of others. *Putman v. Sanders*, 537 S.W.2d 308 (Tex.Civ.App.—Amarillo 1976, no writ).

■ Appellant argues that because the corporation and not Mr. Bartley owned the van, Mr. Bartley was not able to testify under this rule. The cases cited by appellant, however, involve testimony by agents of large corporations. Our case involves testimony by the sole shareholder and president of a closely held corporation. In *Maxey v. Texas Commerce Bank of Lubbock*, 571 S.W.2d 39 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.) the court allowed the principal of a closely held corporation to testify as to the value of land owned by the corporation. Mr. Bartley was qualified to testify as to the value of the van owned by his corporation.

Next, appellant claims in points of error one, two and three, that the testimony given by Mr. Bartley was insufficient to establish the value of the van. Mr. Bartley testified that in his opinion the van had a market value of $6,000 before the accident and $4,000 afterwards, a difference of $2,000. "When the owner of goods seeks to testify to their value ... he must show that he is qualified to do so; he is prima facie qualified to state it if he declares he knows the market value." *Bavarian Autohaus, Inc. v. Holland*, 570 S.W.2d 110, 115 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). While Mr. Bartley said that these values were only his opinion and did not give the basis therefor, he did declare them to be market values. He also said that he had bought many automobiles and that he had paid $8,000 to $9,000 for the van a year earlier.

■ Despite the fact that on cross-examination Mr. Bartley answered affirmatively to questions which asked if he had guessed the values, the evidence was sufficient to support the judgment. We overrule points of error one, two, three and four.

Finally, in points of error nine and ten, appellant claims that the evidence does not support the amount of the judgment. Apparently, appellant bases this contention on the fact that the amount of the judgment is different from the amount to which Mr. Bartley testified. We disagree.

The judgment of $1,402.87 was supported by the pleadings and was less than the amount of damages to which Mr. Bartley testified. *See Putman*, 537 S.W.2d at 312. The evidence was sufficient to support the judgment. We overrule points of error nine and ten.

Accordingly, we affirm the judgment of the trial court.