POWELL–BUICK–PONTIAC GMC,
INC., Appellant,

v.

James BOWERS, Appellee.

No. 12–85–0109–CV.

Court of Appeals of Texas,
Tyler.

May 29, 1986.

Rehearing Denied July 28, 1986.

Roy N. Hearne, Kilgore, for appellant.

Clifton L. Holmes, Longview, for appellee.

COLLEY, Justice.

This is a Deceptive Trade Practice-Consumer Protection Act[1] case involving the sale of a 1982 GMC Diesel Pickup. The case was submitted to a jury who answered the issues in favor of plaintiff/appellee James P. Bowers. Defendant/appellant Powell-Buick-Pontiac-GMC, Inc. seeks reversal alleging twenty-one points of error. We reverse and remand.

---

1. Tex.Bus. & Com.Code Ann. § 17.41–17.63 (Vernon Supp.1986) [hereinafter cited as DTPA].

Bowers brought this suit alleging that he "purchased a new [1982 model] demonstrator GMC pickup" from Powell on December 13, 1982. The truck was equipped with a diesel engine. Bowers further alleged that an express oral warranty was made by Powell's salesman that "[t]his truck is a low-mileage demonstrator and you can save some money if you buy this one instead of another new one." Bowers' pleadings also contain an allegation that he was informed by the salesman that "[t]he truck is like new—there has never been any problem with it." Bowers also alleged a violation of DTPA Section 17.46(b)(7) [2] as a producing cause of damages to him in the following language, to wit: "Plaintiff has suffered a loss of over $5,030.56 between the price of the supposed [sic] 'new' truck which he purchased for $11,300 and a 'used' 1982 diesel pickup of the standard, grade and quality which he purchased...."

Based on the verdict, the court below rendered a money judgment for Bowers for $19,278.00, which sum included actual and "additional" damages, and attorney's fees.

■ By its point of error two, Powell contends that the court erred in overruling its motion for judgment non obstante veredicto. The first ground alleged therein asserts that no evidence exists to support the jury's answers to Special Issue 13. The jury found in response to the issue that the market value of the truck as represented on the day of purchase was $11,592.00 (its actual purchase price including sales tax), and that its value on that day based upon its actual condition when delivered was $6,500.00. The only evidence tending to support the jury's answers to the second inquiry embodied in this special issue is the testimony of Bowers, to wit:

Q Now, the—you paid according to plaintiff's exhibit No. 2 approximately $11,500. for the truck?

A Yes.

.    .    .    .    .

Q Was that truck worth $11,500. to you?

MR. JOHN FORD: Your Honor, I object to the nature of what it was worth to him. It was what it was worth on the market. That is what the question is, what was the market value that truck was.

THE COURT: Overrule the objection.

MR. JOHN FORD: Note our exception.

Q Was it worth that much to you?

A In its condition, no, sir.

Q In its condition what was it worth to you?

A About 6—$7,000. because I would have to put a new motor in it.

It is well established that an owner of property may give an opinion as to its market value, but in this case Bowers did not do so. We sustain the point. *Porras v. Craig*, 675 S.W.2d 503, 504–505 (Tex. 1984).

■ Because of our decision on Powell's point two, we need not address Powell's remaining points of error and decline to do so. Bowers argues that although there is no evidence to support the finding in response to Special Issue 13, other evidence of damages sustained by him resulting from breakdowns of the truck in out-of-town trips is sufficient to support the judgment.[3] We do not agree. His testimony was the only evidence of these damages. Such testimony, while sufficient to raise fact issues respecting the same, did not establish these damages conclusively. Additionally, two separate issues were submitted to the jury inquiring about these damages.[4] The sum of the answers to those issues was $240.85. The record clearly reflects that these findings were

---

2. "Representing that goods ... are of particular standard, quality, or grade ... if they are of another."

3. Bowers testified that his "expenses on the trips out of town was [sic] approximately $5,000."

4. Special Issues 18 and 19.

not included in the judgment award.[5] Bowers makes no complaint of these findings or of the court's failure to include the sum thereof in the judgment.

■ In a single cross-point, Bowers contends that the court erred by excluding certain exhibits [6] pertaining to repairs to the truck. The record shows that the major portion of these costs of repairs were paid by General Motors Corporation under an extended warranty agreement known as "The Continuous Protection Plan" furnished by Powell to Bowers at the time of the sale of the truck. The evidence discloses that, under the extended warranty, General Motors paid almost 100% of the cost of the repairs to the vehicle shown by these exhibits. The trial court sustained Powell's hearsay objections to the exhibits and excluded them.

Bowers argues that the exhibits were admissible to establish the cost of certain post-sale repairs made to the vehicle in question by various General Motors dealers. Bowers originally attempted at trial to secure admission of the exhibits under the business records exception to the hearsay rule. But he failed to qualify them as business records. Later, however, he urged at trial, as he does here, that the exhibits were *admissible* because Powell was not entitled to credit for the payments of repair bills made by General Motors under the warranty by reason of the operation of the collateral source rule.[7] Bowers also argues that Powell was not entitled to an offset afforded by the payments of repair cost made under the extended warranty agreement because that affirmative defense was not pleaded as required by Tex. R.Civ.P. 94.

The question before us is not whether the collateral source rule applies in this case or whether Powell's pleadings support an offer of proof of offset against cost of repair damages sought by Bowers, rather it is whether the trial court properly excluded the exhibits tendered into evidence by Bowers to prove his cost of repairs damages. We conclude that the trial court properly excluded the exhibits on plaintiff's hearsay objections. Tex.R.Evid. 803(6); *Hanson Southwest Corp. v. Dal-Mac Const. Co.*, 554 S.W.2d 712, 722–723 (Tex. Civ.App.—Dallas 1977, writ ref'd n.r.e.). The cross-point is therefore overruled.

Although we have concluded that there is no evidence to support the findings made in Special Issue 13, the record demonstrates that Bowers did sustain some damages. Therefore, in the interest of justice we reverse the judgment below and remand the case for a new trial. *Porras v. Craig*, 675 S.W.2d at 503.

## OPINION ON MOTION FOR REHEARING

■ Bowers claims that we erred "in holding that there was no evidence to support the jury's answer [1] regarding market value of the truck." In support of such claim, Bowers argues that we misconstrued *Porras v. Craig*, 675 S.W.2d 503 (Tex. 1984).[2] He contends that *Porras* is inapplicable to this case because it was a suit in which relief was sought for damages to land while this suit is a deceptive trade practice action wherein Bowers is seeking

5. We note parenthetically that the damages awarded by the judgment were based on the findings made by the jury in response to Special Issue 13 ($5,092 difference in value) and DTPA § 17.50(b)(1) rather than upon the finding of "additional" (exemplary) damages in the amount of $13,385.96 made by the jury in response to Special Issue 14 and the actual damages found in Special Issue 13. In so doing the court miscalculated the amount of damages allowable under DTPA § 17.50(b)(1). *See Jim Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 241 (Tex.1985), decided after the trial of this cause.

6. Plaintiff's Exhibits Nos. 3, 4, 5, 7, 8, 9, 10, 11 and 12.

7. *See Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 934–935 (Tex.1980); *Publix Theatre Corp. v. Powell*, 123 Tex. 304, 71 S.W.2d 237 (1934).

1. In response to Special Issue No. 13.

2. Cited in support of our holding.

recovery for damages to personal property. Additionally, Bowers claims that his testimony on value was not based on "personal" reasons as was the case with the owner's testimony in *Porras v. Craig,* 675 S.W.2d at 505.

Bowers directs our attention to the opinion in *Tom Benson Chevrolet, Inc. v. Alvardo,* 636 S.W.2d 815 (Tex.Civ.App.—San Antonio 1982, writ ref'd n.r.e.), in consideration of the no evidence point presented. We have read that case. In considering Benson's point of error that the damage issue in that case submitted a wrong measure of damage, the San Antonio court noted that the point was not preserved by objection to the charge and overruled the same. Thereafter, by what appears from a reading of the opinion to be *obiter dictum,* the court makes the pronouncement that "the owner [plaintiff below] testified that the car was worth approximately $500 to her. Current case law does not require an owner to testify specifically as to the 'reasonable market value' of a car in order to support a jury's finding on property value...." 636 S.W.2d at 823. This dictum is unsound. It is stated to rest upon the decisions made in two Court of Civil Appeals cases, *Classified Parking System v. Kirby,* 507 S.W.2d 586 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ), and *Barstow v. Jackson,* 429 S.W.2d 536 (Tex. Civ.App.—San Antonio 1968, no writ). In *Kirby,* the owner testified to the *value* of the vehicle, and in *Jackson,* the owner, a used car dealer, testified to the *market value* of his property. We find the dictum in *Alvardo* unpersuasive and conclude that *Kirby* and *Jackson* are inapposite here.

*Porras,* on the other hand, is clearly applicable. In *Porras,* Justice Spears writing for the majority, after noting that the proper way of proving market value is by opinion testimony, states that an "owner of the property can testify to its market value,

even if he could not qualify to testify about the value of like property belonging to someone else." 675 S.W.2d at 504. Justice Spears then observes that "[e]ven an owner's testimony, however, is subject to some restrictions." 675 S.W.2d at 504. The *Porras* opinion announces the restriction to be that the "testimony must show that it refers to market, rather than intrinsic or some other value of the property." 675 S.W.2d at 505. That opinion instructs that the requirement "is usually met by asking [the owner] if he is familiar with the market value of his property."[3] *Id.* The Court determined that the owner's testimony constituted no evidence of market value of his land because the articulated basis for the opinion expressed by his testimony demonstrated affirmatively that the owner's testimony referred to the value of the land (in its damaged state)[4] *personally* to him. 675 S.W.2d at 505.

As we read *Porras,* an opinion expressed by an owner of property as to its value must show that it refers to market value of the property as distinguished from its intrinsic value or its personal value to him. As noted in our original opinion, the only testimony tending to establish the market value of the truck sold to Bowers, based upon its actual condition as delivered, came from Bowers. Questions and answers comprising this testimony are set forth in our opinion and need not be repeated here. We originally concluded that the testimony does not constitute any evidence of the market value of the truck in its defective condition on the date it was delivered to Bowers. We adhere to that conclusion.

Bowers also argues in his motion for rehearing that his statement that the truck was worth "[a]bout 6–$7,000 because I would have to put a new motor in it," refers to the market value of the truck. However, because that statement was in

---

3. We are cognizant of the rather cryptic sentence employed by Justice Spears at page 505 reading, "Moreover, this is not just a case in which the lawyer failed to ask his client if he was familiar with the market value of the property."

4. The defendant Porras trespassed on a portion of Craig's land, bulldozed down the existing fence, cut a number of large trees and built a new fence on a boundary line established by a recent survey.

response to the question "[i]n its condition what was it worth to you?," we disagree. Even assuming that Bowers' interpretation of his testimony is reasonable, it still fails to provide evidentiary support for the finding. No evidence was presented at trial to establish the reasonable costs of installing a new engine in the truck. Hence Bowers' value opinion is clearly without the necessary factual basis. *Porras v. Craig,* 675 S.W.2d at 505; *Stinson v. Cravens, Dargan & Co.,* 579 S.W.2d 298, 299 (Tex.Civ. App.—Dallas 1979, no writ). The motion for rehearing is overruled.