In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00072-CV

                                                ______________________________

 

 

                                                                  

 

                  IN THE ESTATE OF TOMMY D. SUTTON, DECEASED

 

                                                                  

 

 

                                                                                                  


 

 

                                            On Appeal from the County Court at Law

                                                             Bowie County, Texas

                                                     Trial Court No. 09C1650-CCL

 

                                                              
                                    

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Brenda
Sutton Levetz, the sole appellant in this case, has filed a motion seeking to
dismiss her appeal.  Pursuant to Rule
42.1 of the Texas Rules of Appellate Procedure, her motion is granted.  Tex.
R. App. P. 42.1.

            We
dismiss the appeal.

 

 

            

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          August
8, 2011

Date Decided:             August
9, 2011






">A I've been told they have to be stamped as a flood damaged vehicle.
 
Q Okay. And have you ever attempted to buy or sell a flood damaged
vehicle?
 
A No. 
 
. . . .
 
Q Dr. Underwood, would you tell the jury the actual cash value of this truck
to you on the day that the vehicle was stolen, before it was stolen.
 
A Actual cash value?
Q Yes.
 
A Probably around $10,500.
 
Q And will you tell the jury the actual cash value of this vehicle to you after
the flood damage occurred?
 
A Nothing, 0.

Id. at 641. 

          The Dallas Court of Appeals held that Underwood's testimony showed he was
testifying to matters within his knowledge and that the testimony had some probative value
on the issue of market value. Id. at 642 (citing River Oaks Townhomes Owners' Ass'n, Inc.
v. Bunt, 712 S.W.2d 529, 533 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.);
Hochheim Prairie Farm Mut. Ins. Ass'n v. Burnett, 698 S.W.2d 271, 275–76 (Tex.
App.—Fort Worth 1985, no writ); Tom Benson Chevrolet, Inc. v. Alvarado, 636 S.W.2d
815, 823 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.)). The court therefore found
Underwood's testimony provided some evidence of the market value of the vehicle in its
defective condition. 
          In Underwood, the owner testified that, from his experiences in dealing with his
flood-damaged car, and the information he learned in the marketplace as to its value, the
vehicle was worthless. In contrast, the substance of Cooper's testimony, like those of the
owners in Porras, Lewis, and Elliott, affirmatively revealed that the basis of his opinion was
the intrinsic or personal value of the automobile to him. The evidence showed Cooper took
the vehicle to various mechanics, who regarded the vehicle as unsafe for long trips. There
was no evidence as to how that affected the market value of the vehicle. 
          We, like the Texas Supreme Court in Porras, "should not be understood as
retreating from the general rule that an owner is qualified to testify about the market value
of his property." Porras, 675 S.W.2d at 505. And we, like the court in Underwood, do not
consider that an owner's use of the words "to me," in stating his or her opinion concerning
the value of his or her own property, automatically expresses intrinsic, rather than market,
value so long as the record affirmatively shows, as it did in Underwood, that such opinion
is based on market forces. Even the specific words "market value" are not necessary as
long as the record is clear the opinion expressed is based on market forces, not solely on
intrinsic or personal value. 
          A review of Cooper's testimony reveals that his valuation of the vehicle was based
on the personal value of the vehicle to him. His testimony was he purchased a Lincoln
Town Car because of its attributes for comfort, safety, and ease of driving. He testified the
main purpose for buying the vehicle was to make long trips to Dallas and Alabama. He did
not, however, regard the vehicle as dangerous for "running errands . . . in town." He did
regard the vehicle as "unsafe for what I want it for, long distance travel . . . . And so we
bought the other car to be able to make long trips, . . . ." He testified the value of the
vehicle was "[n]othing," or "absolutely worthless to me for what I bought it for." The basis
of his valuation was the vehicle's personal value to him, not the price the vehicle would
bring on the market. The Texas Supreme Court in Porras found that such opinion
testimony, which affirmatively shows the owner is referring to personal, not market, value,
is no evidence. For those reasons, Cooper's testimony is no evidence regarding the
market value of the automobile as received in its defective condition to support the
submission of, and the jury's finding in response to, the DTPA damages issue. 
          There was substantial evidence the vehicle was in a defective condition when
Cooper purchased it. Both Cooper and Joe Crane testified regarding the steering problem. 
However, there was no evidence of a reduction in market value. The only evidence of the
value of the car in its defective condition was Joe Crane's testimony that the value of the
vehicle had not diminished because of the alignment concern. The burden is on the
plaintiff to establish its damages with reasonable certainty to enable a jury to compute
them. Oryx Energy Co. v. Shelton, 942 S.W.2d 637, 642 (Tex. App.—Tyler 1996, no writ);
see also Goose Creek Consol. Ind. Sch. Dist. v. Jarrar's Plumbing, Inc., 74 S.W.3d 486,
496–97 (Tex. App.—Texarkana 2002, pet. denied) (finding owner of property may only
recover for such loss of use from trespass to land if reasonable value of use can be
established with fair certainty). 
          There is no evidence of the diminished value of the vehicle in its alleged defective
condition. Therefore, the jury's verdict of $5,000.00 diminished value has no support in the
record, and Crane and Ford's no-evidence challenge is sustained. We find it unnecessary
to address Crane and Ford's remaining challenge that Cooper's testimony referred to value
at time of trial, not time of purchase. 
Expenses
          Crane and Ford also contend there was no evidence to support the jury's verdict on
the expenses Cooper incurred. Under the DTPA, economic loss is determined by the total
loss sustained by the consumer as a result of the deceptive trade practice. Kish v. Van
Note, 692 S.W.2d 463, 466 (Tex. 1985). This standard envisions compensating plaintiffs
for "the total loss . . . includ[ing] related and reasonably necessary expenses." Henry S.
Miller Co. v. Bynum, 836 S.W.2d 160, 162 (Tex. 1992). Cooper testified to the various
evaluations he obtained from independent mechanics, but did not testify to any amount of
expense he incurred. The only offer made of the amount of expense Cooper incurred was
as follows:
          Q. Now, in getting all of the different independents to look at things,
and I believe we had some -- you had to buy your own tags and they didn't
even tag it for you, even though they charged you for it, how much -- Have
you spent about $1,100.00 in trying to get all of this done?
 
          [Defense Counsel]: Objection to leading.
 
          THE COURT: Sustained, . . . .
The trial court properly sustained the objection, and no other evidence on the amount of
expenses Cooper incurred was offered. As noted above, the burden is on the plaintiff to
establish his or her damages with reasonable certainty to enable a jury to compute them. 
Shelton, 942 S.W.2d at 642; see also Jarrar's Plumbing, Inc., 74 S.W.3d at 496–97. There
was no evidence admitted to enable the jury to compute any expenses Cooper incurred. 
The jury's verdict of $1,000.00 for expenses, therefore, has no support in the record, and
Crane and Ford's no-evidence challenge is sustained.
Additional Damages
          As there was no evidence of economic damages, additional damages cannot be
awarded. Tex. Bus. & Com. Code Ann. § 17.50(b)(1); see Nabours v. Longview Sav. &
Loan Ass'n, 700 S.W.2d 901, 903 (Tex. 1985) (exemplary or punitive damages may not
be recovered in absence of award of actual damages).
Disposition
          Crane and Ford request that we reverse the judgment of the trial court and render
judgment that Cooper take nothing. The general rule is, where an appellate court finds the
evidence legally insufficient to support a damages verdict, the court should reverse and
render a take-nothing judgment as to that amount. Larson v. Cactus Util. Co., 730 S.W.2d
640, 641 (Tex. 1987); Nat'l Life & Accident Ins. Co. v. Blagg, 438 S.W.2d 905, 909 (Tex.
1969) (when appellate court sustains "no-evidence" point, it is generally court's duty to
render judgment for appellant); see also Lewis, 709 S.W.2d at 176 (finding duty to render
take-nothing judgment when appellant's "no-evidence" point is sustained is basic rule of
law). 
          Under certain circumstances, however, an appellate court may reverse and remand
a case for a new trial in the interests of justice. Tex. R. App. P. 43.3 provides, "[w]hen
reversing a trial court's judgment, the court must render the judgment that the trial court
should have rendered, except when: (a) a remand is necessary for further proceedings;
or (b) the interests of justice require a remand for another trial." Appellate courts have
broad discretion to exercise that power. Fanning v. Fanning, 847 S.W.2d 225, 226 (Tex.
1993); Scott v. Liebman, 404 S.W.2d 288, 294 (Tex. 1966).
          Appellate courts have reversed for a new trial where, among other circumstances,



the plaintiff failed to show damages with reasonable certainty, but the interests of justice
required the plaintiff be given an opportunity to show the proper measure of his or her
damages. Porras, 675 S.W.2d at 506; Varel Mfg. Co. v. Acetylene Oxygen Co., 990
S.W.2d 486, 500 (Tex. App.—Corpus Christi 1999, no pet.); Williams v. Gaines, 943
S.W.2d 185, 193 (Tex. App.—Amarillo 1997, writ denied); A.B.F. Freight Sys., Inc. v.
Austrian Import Serv., Inc., 798 S.W.2d 606, 616 (Tex. App.—Dallas 1990, writ denied);
Powell-Buick-Pontiac GMC, Inc. v. Bowers, 718 S.W.2d 12, 14 (Tex. App.—Tyler 1986,
writ ref'd n.r.e.). 
          In Williams, 943 S.W.2d at 193, the Amarillo Court of Appeals found no evidence
was presented that met the definition of fair market value in the jury's instructions. The
court, however, remanded the matter for a new trial. As relevant interests of justice, the
court cited the jury's findings that the plaintiff and defendant had an agreement, that the
defendant breached the agreement, and that the plaintiff sustained some loss as a result. 
Id.; see also A.B.F. Freight Sys., Inc., 798 S.W.2d at 616 (finding that, although plaintiff did
not prove its damages with reasonable certainty, there was some evidence which showed
damages generally, and interests of justice, therefore, required remand for new trial);
Bowers, 718 S.W.2d at 14 (although finding no evidence to support jury's findings on
plaintiff's DTPA claim, record demonstrated plaintiff did sustain some damages, and cause
was therefore remanded for new trial in interests of justice).
          We find similar interests of justice here. The jury found Crane and Ford engaged
in one or more false, misleading, or deceptive acts or practices that were a producing
cause of actual damages to Cooper, that they failed to comply with a warranty that was a
producing cause of damages to Cooper, and that such conduct by Crane and Ford, in one
or both instances, was committed knowingly. Under these circumstances, we find the
interests of justice require a remand for another trial.


 
          We reverse the judgment and remand for a new trial. 
 

                                                                           Donald R. Ross
                                                                           Justice 

Date Submitted:      December 18, 2003
Date Decided:         January 8, 2004