**JOHNSON et al. v. EGERT et al.**

**No. 12214.**

Court of Civil Appeals of Texas. Galveston.

Oct. 19, 1950.

Rehearing Denied Nov. 9, 1950.

Williams & Thornton, Bryan Williams, of Galveston, for Mrs. Anna Johnson and others, administrators.

DeLange & Hudspeth, Albert J. DeLange, C. M. Hudspeth, Eugene J. Pitman, of Houston, for Mrs. Anna Johnson and others individually.

Stone & Phipps, James H. Phipps, of Galveston, for Willian Egert and Helen Lee.

Armstrong, Barker, Bedford & Lambdin, Owen D. Barker, of Galveston, for Mrs. Josephine Egert.

MONTEITH, Chief Justice.

On February 11, 1949, three of the heirs of Mrs. Eva Egert, deceased, filed an application in the County Court of Galveston County for a partition of Mrs. Egert's estate and a distribution of its assets.

A contest and objection to the application was filed by certain heirs of Mrs. Egert, and on a hearing before the Court, judgment was rendered ordering certain property of the estate which was held to be incapable of partition sold and, after withholding from the proceeds of the sale the sum of $15000, which was determined to be sufficient to pay the debts of the estate, the balance was ordered distributed to the persons held by the Court to be entitled thereto. The Court ordered that commissioners be appointed to make partition and distribution of the assets of the estate, and that a sufficient amount be retained by the administratrices to pay the debts due by the estate and the necessary expenses of administration. Appellants, Mrs. Anna Johnson, Mrs. Louise Fritiofson and Mrs. Leona Martyn, appealed from this order to the District Court of Galveston County.

In a trial in the District Court a jury found, in substance, in answer to special issues submitted that it would be fair and equitable to all parties interested therein that the administration of the estate be wound up and its assets distributed; and that it would be more advantageous to the heirs to sell the 320 acres of land belonging to the estate and located on Galveston Island to raise the money to discharge debts due by the estate. The jury found that this 320 acres of land was not susceptible of fair and equitable partition in kind.

The Court in its judgment ordered that the 320 acres of land known as the Island property be sold and that $20,000 from the proceeds of the sale be retained for the payment of the debts due by the estate. The administration of the estate was ordered terminated and the property partitioned and distributed to the parties entitled thereto. The Court in its judgment determined the persons entitled to a share of said estate and the proportional part to which each was entitled and ordered distribution of the assets of the estate and that the judgment be certified to the County Court for observance and that a certified copy thereof be transmitted to the Clerk of the County Court of Galveston County for the observance of such Court together with all original papers and that the Clerk of the County Court file such certified copy of the judgment and record it in the Minutes of the Court. Mrs. Anna Johnson, Mrs. Louise Fritiofson and Mrs. Leona Martyn have appealed from this judgment.

Mrs. Eva Egert died intestate at Galveston, Texas, on May 21, 1947, leaving six children surviving her as her only heirs. Mrs. Louise Fritiofson and Mrs. Anna Johnson were appointed and qualified as administratrices of the estate. The property of said estate in the City of Galveston consisted of 15 tracts of real property. There was a small tract at Texas City and one in Harris County. The other property belonging to said estate except 320 acres on Galveston Island, known as the Island property, consisted of cash and bonds, the values of which are undisputed. There is no substantial dispute as to value of any of the properties of the estate except said 320 acres of land in Galveston County.

This proceeding was brought under the provisions of Article 3608 of the Revised Civil Statutes which provides that if an estate does not consist entirely of money or debts due the estate, or both, the Court shall appoint three or more discreet and disinterested persons as commissioners, to make a partition and distribution of the estate, unless the Court has already determined that the estate is incapable of partition. Article 3604 of the Revised Stat-

utes provides that a partition of the residue of an estate may be made after deducting the debts and expenses of the estate and the probable future expense of administration. Article 3606 of the Revised Statutes provides that the decree of the trial court shall describe the property of the estate and designate the amount of money to be set aside in payment of said debts and the expenses of the administration of the estate. Article 3606 of the Revised Statutes provides that the Court, not the administrator, must specify the property to be sold to pay the debts of the estate.

Rule 311, Texas Rules of Civil Procedure which had as its source and repealed Article 2220 of the Revised Statutes provides that "Judgment on appeal or certiorari from any county court sitting in probate shall be certified to such county court for observance."

Rule 335, Texas Rules of Civil Procedure, which repealed Article 3703, provides that a certified copy of the judgment of the district court when rendered shall be transmitted to the Clerk of the county court from which the case was appealed for observance and that the county judge shall make such orders as may be necessary for the enforcement of such judgment.

We have carefully considered all points of assigned error submitted by appellants in their brief, and in connection therewith, we have carefully reviewed the record. It is obvious that the trial court in rendering its judgment in this case has followed the mandates of Articles 3604 and 3606 of the Revised Statutes in requiring that certain assets of the estate be set aside for the payment of its debts and the estimated expenses of the administration, and ordered that the balance of the assets of the estate be partitioned and distributed to the parties entitled thereto in the manner provided by law.

Appellants assign error in the action of the Court in adjudging that the assets of the estate were in part susceptible of partition and in part incapable thereof and in its refusal to submit issues to the jury as to whether or not it was susceptible of partition.

Article 3608, above referred to, contemplates a partition of the assets of the estate in kind by the appointment of commissioners unless the Court shall determine that the estate is incapable of partition. In the instant case, the Court ordered a partition in kind of the residue of the estate after setting aside the 320 acres, known as the Island property, for the payment of debts and expenses of administration.

The action of the trial court in setting aside the property designated by the jury for the purpose of paying the debts due by the estate and its action in directing that the residue of the estate be partitioned by the County Court was, in effect, a decree of the Court ordering a partition in kind of the residue of the estate after setting aside said 320 acres of land for the purpose of paying debts.

Appellants have assigned error of the trial court in having the administration closed before the debts of the estate were paid. This contention cannot be sustained. The Court, in this case, followed strictly the mandates of Articles 3603 and 3606, which required that property of the estate be set aside for the payment of debts and estimated future expenses, and that the balance of the estate be partitioned on timely application made therefor.

Appellants assign error in the action of the court in adjudging that the estate was in part susceptible to, and in part incapable of, partition and in refusing to submit issues thereon to the jury.

The Court was, we think, bound to make the adjudication complained of under the record in this case under Article 3608, which provides that if an estate does not consist entirely of money or debts due the estate, the Court shall appoint commissioners to make a partition and distribution of the estate.

Appellants assign error in the action of the Court in admitting in evidence the testimony of appellees' witness, R. Lee Vanderpool, who testified that he knew the market value of the property about which he was being interrogated and that he had been engaged in the buying and selling of properties down the Island for many years.

This contention cannot, we think, be sustained.

It is the established rule in this State that when a witness has testified that he is acquainted with the market value of property, he may then testify as to the value of property and that it then becomes a question as to the weight that may be given the testimony by the jury. City of Houston v. Schorr, Tex.Civ.App., 231 S.W. 2d 740, and authorities there cited.

We have carefully considered all other points of appeal made by appellants in their brief. They present, we think, no reversible error. The judgment of the trial court will be in all things affirmed.