Don HILLIN et al., Appellants,

v.

James Howard HAGLER et ux., Appellees.

No. 15675.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 13, 1956.

Rehearing Denied Feb. 10, 1956.

662

H. J. Loe, Fort Worth, for appellants.

Oscar M. Herring, Fort Worth, for appellees.

MASSEY, Chief Justice.

Hagler and wife, purchasers of a newly constructed residence, sued the builders and their subcontractors in connection with the roof of the residence, alleging that the roof was faulty and defective and as the result thereof rain water entered the interior of the building and accumulated therein and in storage compartments thereof, ruining curtains, clothing and personal effects, fishing tackle and equipment, and a living room rug. The amount of $465 was alleged as the reasonable cost of another roof in replacement of the defective roof, $150 alleged as the damage to clothing and curtains, $71 alleged as damage to fishing tackle and equipment, and $100 alleged as the damage to the rug. A total of $786 in damages was prayed for.

The issue was joined, a trial had, and, by its answers to special issues submitted, the jury found $500 as roof damage, $150 as clothing and curtain damage, $5 as fishing tackle, etc., damage, and $250 as rug damage. The plaintiffs remitted $35 on account of this amount as excess above their pleadings upon the matter of roof damage, and further remitted $150 for like reason as to the jury's answer to the inquiry upon damage to the rug, the total remittitur being $185. The court entered judgment in favor of the plaintiffs in the amount of $720.

The defendants appealed.

Appellants complain because the appellees were permitted to testify to the value of their equipment, clothing and personal effects damaged or destroyed due to the water. The point is overruled. It has long been recognized that the owner of such property will be permitted to testify to his opinion of its value though he may be unable to qualify himself as such a witness to like property belonging to another. It is left for the defendant, against whom a judgment for damages is sought, to attack the testimony by cross-examination of the owner, or to rebut it through the testimony of witnesses. 19 Tex.Jur., p. 274, "Expert and Opinion Evidence", sec. 177, "Qualification of Witnesses—Factual Basis".

Appellants further complain because the court refused to permit one of their witnesses to testify in certain respects upon the matter of the amount of rain which fell during the period in which the appellees' damages were accruing. The appellees' evidence had been to the effect that so much rain leaked into their garage during the month of January, 1954 that the boat stored therein was half-filled. The appellants desired to show that rainfall was so sparse during the period that even had appellees' entire roof been a container to hold water rather than shed it, and even had the rain water which fell been trapped therein and poured thence into the boat,

the boat would have only been approximately one-tenth filled. It appears that the witness had his figures on the roof and on the boat. He had gone to the nearest official station of the United Sates Weather Bureau and ascertained from its records that the rainfall measured at the station during the period in question was .37 inches. The intention was that the witness would use the amount of rainfall represented by the official records as the missing ingredient in the equation and by an assumption that the same amount of rain fell on appellees' roof as at the nearest weather station, demonstrate that the leaking water was rather insignificant as compared with appellees' claims. Without consideration of what value the evidence of the exact amount of rainfall at the weather station would have to the case, we are of the opinion that reception of the witness' testimony about matter he had learned from the Weather Bureau would have been improper. The trial court properly excluded it. The court judicially knows that weather records are kept, but does not judicially know what the records reflect. A defendant, against whom this character of evidence is sought to be adduced, is entitled to test the authenticity of the records from which the evidence is to come, and to test the evidence therefrom which his adversary desires to introduce. Unless the record itself is introduced (or a duly authenticated copy thereof, as necessity therefor may appear), then the best evidence is not offered. In its absence, testimony from even its custodian as to what it reflects would be hearsay. See cases under 16 Texas Digest, Evidence, ⊂⇒158 and its subsections; 17 Tex.Jur., p. 510, "Evidence—Civil Cases", sec. 203, "Records—In General". Circumstances do not appear in this case which would warrant the court in admitting the parol testimony proffered. 36 Tex.Jur., p. 619, "Records and Registration Acts", sec. 118, "Extrinsic Evidence of Existence and Contents of Records".

Appellants contend that since the jury returned a verdict awarding more damages because of the destruction of certain property items than appellees had sought as to the items, it was therefore evident that the jury was so prejudiced that a fair and impartial trial was not had. The pleadings upon which appellees went to trial sought recovery of $786. The jury was submitted special issues upon each item of property claimed to have been damaged. The jury found a roof damage in an amount exceeding that plead and did the same thing as to the rug. By adverting to the statement of facts, it is noted that these jury findings were supported by evidence. Through processes of which no complaint is made, the total amount arrived at through the addition of the various amounts found by the jury was reduced $185, and the judgment entered was for damages in the sum of $720.

■ The point of error is overruled. The fact that evidence supported the answers which were returned obviates appellants' contention. If anything would be demonstrated, it would only be that appellees were ultra conservative in their demands. The situation here posed is not in anywise analogous to a case wherein a jury returns a verdict for an amount as personal injury damages greatly in excess of the pleadings as well as against the evidence.

By appellants' final point complaint is made of the argument of counsel for appellees wherein he informed the jury of the legal effect of returning a negative answer to one of the special issues. An instrument denominated "Memorandum Bill of Exception" is attached to, but not embodied in, the statement of facts. It appears therefrom that appellants' attorney dictated to the court reporter the following language: "Be it remembered that during plaintiff's argument to the jury in rebuttal on the trial of the above entitled and numbered cause, plaintiff's attorney stated to the jury in discussing Special Issue No. 2 of the Court's charge: 'If you answer this Special Issue "No", you are cutting these people out of a judgment,' to which defendant's counsel interposed an objection, and which objection was sustained by the Court". Immediately following appears the reporter's further transcript of occurrences, viz.: "The Court: 'And the Court instruct-

ed the jury that it was improper argument, and not to consider it for any purpose.' " Appended is found the certificate of the court reporter to the fact that he certifies that the above and foregoing is a true and correct transcript of such proceedings as are hereinabove set forth, had upon the trial of the above entitled and numbered cause on the 31st day of March, 1955, in said court. No signature to any agreement between counsel for the parties appears anywise in connection with the foregoing, nor does the instrument appear to have been authenticated by the trial judge, filed, and brought forward in the transcript in the usual method.

The Supreme Court in Smith v. United Gas Pipe Line Co., 1950, 149 Tex. 69, 228 S.W.2d 139, 143, held: "We further consider, as stated, that despite Rule 372(c) the proper way to preserve objections to improper argument is by bill of exception rather than by bringing up the court reporter's record of the argument as a part of or supplement to the statement of facts described in Rule 371, unless counsel agree on the latter method."

In Associated Employers Lloyds v. Wynn, Tex.Civ.App. Fort Worth, 1950, 230 S.W.2d 838, 839, it is said: "The complained of argument is not shown by a bill of exceptions. It has often been held that in the absence of a bill of exceptions the appellate court will not pass upon the argument or remarks * * *. This is for the reason that the arguments do not ordinarily appear in the record unless preserved in a bill of exceptions duly authenticated by the trial judge, filed, and brought forward in the transcript."

There is no order of the court in the transcript, nor otherwise to be found in the record in which appears the court's certificate or authentication that the argument was made. We have concluded that the complaint based on jury argument was not properly preserved. See American General Insurance Co. v. Dennis, Tex.Civ. App. Fort Worth, 1955, 280 S.W.2d 620.

The judgment is affirmed.