Rosa G. **CORTEZ**, a Feme Sole, Appellant,

v.

Miguel **MASCARRO**, Appellee.

No. 14561.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 15, 1967.

Henry Beltran, San Antonio, for appellant.

Michael Rizik, Phillip Palmer, San Antonio, for appellee.

CADENA, Justice.

This is a suit to recover for damages to an automobile resulting from a collision involving the vehicles of plaintiff, Miguel Mascarro, and defendant, Rosa G. Cortez. Defendant appeals from a judgment in favor of plaintiff in the amount of $496.54.

The sole point urged by defendant is that there is no evidence concerning the difference in market value of plaintiff's automobile before and after the collision. The only testimony on the question of value came from plaintiff who, after stating that he was familiar with the value of his 1961 Ford automobile, said that its value immediately before the collision was $1,000.00, while its value immediately after the accident was $500.00. Defendant did not cross-examine plaintiff, and her complaint is based on the fact that plaintiff testified, during the course of direct examination, that his knowledge was based entirely on information gained by reading the newspapers and from talking to his friends who had purchased cars.

The general rule is that anyone familiar with the value of the thing in question is competent to give his opinion as to value. In the absence of a request for voir dire examination, the competency of the witness is established by his statement that he knows the value of the article in question. 2 McCormick, Texas Law of Evidence, § 1422, p. 260 (1956). The strength or weakness of the qualifications of the witness is merely a factor to be considered in weighing his testimony. Johnson v. Egert, 233 S.W.2d 958 (Tex.Civ.App., 1950, writ ref'd, n. r. e.).

Where the issue relates to the value of chattels, the test determining competency is liberally applied, with few attempts to lay down detailed tests, and this liberality is increased where the witness is also the owner of the article in question. Thus, it has been suggested by an eminent authority that the owner of a chattel, "whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth," leaving the weight of his testimony to be determined by the trier of fact. 3 Wigmore, Evidence, § 716, p. 48 (1940). In Hillin v. Hagler, 286 S.W.2d 661, 662 (Tex.Civ.App. 1956, no writ), the Court pointed out: "It has long been recognized that the owner of such property will be permitted to testify to his opinion of its value though he may be unable to qualify himself as such a witness to like property belonging to another. It is left for the defendant, against whom a judgment for damages is sought, to attack the testimony by cross-examination of the owner, or to rebut it through the testimony of witnesses."

It is well settled that the qualification of a witness to testify on the question of value is primarily to be determined by the trial court, and the ruling of the trial judge will not be disturbed on appeal unless it is so clearly wrong as to show an abuse of discretion. Slack v. Magee Heirs, 252 S.W.2d 274 (Tex.Civ.App., 1952, aff'd, 152 Tex. 427, 258 S.W.2d 797). The fact that the asserted knowledge of the witness is based on information furnished him by others does not

**344**

deprive his testimony of probative force. Webb v. Mitchell, 371 S.W.2d 754 (Tex.Civ. App., 1963, no writ).

█ In view of the liberal rules applied in cases of this nature, we cannot say that the trial court abused its discretion in receiving the plaintiff's value testimony and in basing its judgment thereon. Since defendant's sole point is a "no evidence" point, the judgment of the trial court must be affirmed.