**Mary ESPINOSA et al., Appellants,**

v.

**Ruby SCHOMBERG, Appellee.**

No. 6196.

Court of Civil Appeals of Texas, Waco.

May 29, 1980.

Rehearing Denied July 3, 1980.

Peter Torres, Jr., G. A. Flores, Jr., Law Offices of Peter Torres, Jr., San Antonio, for appellants.

John E. Bevil, Mathis & Bevil, San Antonio, for appellee.

## OPINION

JAMES, Justice.

This case arose out of an intersection collision between Appellee Ruby Schomberg's automobile and a vehicle operated by Appellant Felipe Garza Espinosa. Plaintiff-Appellant Mary Espinosa, a passenger in the car driven by her husband, brought suit against Defendant-Appellee Schomberg, seeking recovery for personal injuries sustained in the accident. Plaintiff-Appellant Janie Uribe, the owner of the automobile driven by Mr. Espinosa, joined in the action against Defendant-Appellee Schomberg, seeking recovery for property damage to the vehicle. Appellee Schomberg filed a third-party action against Appellant Felipe Espinosa, seeking recovery for property damage sustained by her (Schomberg's) vehicle.

Trial was to a jury which, inter alia, failed to find any negligence on the part of Appellee Schomberg; did find that Appellant Felipe Espinosa was negligent and that such negligence proximately caused the collision in question; and found that the damage to Appellee Schomberg's car diminished the cash market value of her car by $500.00. Based on the jury verdict, the trial court entered a take-nothing judgment as to Plaintiffs Mary Espinosa and Janie Uribe against Defendant Schomberg, and the court awarded judgment in the amount of $500.00 and costs to Schomberg against Third-Party Defendant Felipe Espinosa.

Appellants have filed a joint appeal assigning six points of error, all of which question the factual sufficiency of the evidence to support the jury's findings. The insufficient evidence points raised by Appellants require us to review the entire record in this case, consider and weigh all the evidence, and remand the cause only if the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Appellants' first two points complain of the jury's answers to the issues regarding

the negligence of Appellee Schomberg and Appellant Felipe Espinosa. In response to issues submitted, the jury in this case: 1) failed to find Appellee Schomberg negligent in entering the intersection, in keeping a proper lookout, or in the application of her brakes; but 2) did find that Appellant Felipe Espinosa was negligent in entering the intersection and in failing to keep a proper lookout, each of which was a proximate cause of the collision in question.

The record in this case shows that the occasion in question was an intersection collision, occurring at the intersection of Southcross Street and Pleasanton Road in Bexar County. Appellants Espinosa were travelling east on Southcross; Appellee Schomberg was travelling north on Pleasanton Road. Pleasanton Road was described as a four-lane street, two lanes for northbound traffic and two lanes southbound. For about two blocks prior to the Southcross intersection, Appellee Schomberg had been following a vehicle that was travelling down the middle of the northbound lanes of Pleasanton Road "straddling the line" dividing the two lanes. This vehicle was driven by a Mr. Marrufo. Appellee had tried unsuccessfully to pass Marrufo. As the cars approached the Southcross intersection, Marrufo pulled into the right lane and stopped at the intersection. Appellee Schomberg pulled into the inside northbound lane, passed the Marrufo vehicle, and entered the intersection where the collision occurred. Appellee's car struck the right rear quarter-panel of Appellants' car which had proceeded halfway through the intersection before the collision occurred.

Appellee Schomberg testified that she could not remember whether or not she looked to the left before entering the intersection, but in either event she admitted that she did not see the Espinosa car until she entered the intersection. She further stated that when she did see the car, she immediately applied her brakes and turned to the right in an unsuccessful attempt to avoid the collision. Appellant Felipe Espinosa testified that he never saw the Schomberg car until the collision occurred. He indicated that he did look to his right as he entered the intersection and he saw the Marrufo car stopped at the intersection, but he did not see the Schomberg car. He further admitted that since he did not see the Schomberg car, he also did not apply his brakes or turn in any way to avoid the accident. Mary Espinosa testified that she saw the Schomberg car immediately prior to the accident and that she screamed in anticipation of the accident, but it was too late for Mr. Espinosa to take evasive action.

The Pleasanton-Southcross intersection was equipped with a traffic control light. The large majority of the conflicting testimony in this case centered around the question of whether Appellant or Appellee had the green light and proceeded properly into the intersection. Appellant Felipe Espinosa testified that he definitely had a green light when he entered the intersection. He further testified that he had observed the light changing from red to green when his car was about a half-block away from the intersection. Appellant Mary Espinosa's testimony was substantially the same as her husband's. The deposition testimony of Lecidio Marrufo, whose car was stopped at the intersection and was passed by Appellee, indicated that he had stopped at the intersection because his light (Pleasanton Road) was red and that Appellee had passed through the intersection while the light was still red, thus substantiating Appellants' testimony. Appellee contradicted Appellants' testimony, stating that her light had changed to green just as she passed Marrufo's vehicle and that she had properly entered the intersection on a green light. Louis Vance, a witness called by Appellee, testified that he was standing on the front porch of a restaurant located near the intersection in question; that he heard the impact and turned around immediately; that at that very moment he noticed that Appellee's light was green; and that the time between the impact and the time he saw the light was "just a split second".

In our opinion the evidence adduced in the trial of this case regarding the negligence of the parties squarely presented

fact issues for the jury. In resolving conflicts in the testimony of witnesses, it is the role of the jury, not the court, to determine the credibility of the witnesses and the weight to be accorded their testimony. Having reviewed the entire record and having considered all the evidence presented, we cannot say that the jury's answers to the special issues regarding the negligence of the parties are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

■ Appellants' next three points of error attack the jury's findings relating to the damages sustained by Appellant Mary Espinosa and Appellant Uribe. In response to Appellants' damage issues, the jury in this case found: 1) that the sum of $0.00 (zero) would compensate for the reasonable and necessary medical expenses incurred by Mary Espinosa; 2) that the sum of $0.00 (zero) would fairly and reasonably compensate Mary Espinosa for the physical pain and mental anguish suffered in the past; and 3) that the sum of $0.00 (zero) was the reasonable cost of repairs to Janie Uribe's vehicle. Even if these jury findings were against the great weight and preponderance of the evidence in this case, there can be no reversible error arising from these findings because the jury first failed to find any negligence on the part of Appellee Schomberg. In the absence of a finding of liability, any errors regarding findings of damages must be harmless. *Southern Pine Lumber Co. v. Andrade* (Tex.Comm.App. 1939) 132 Tex. 372, 124 S.W.2d 334, opinion adopted; also see *O'Neill v. Craig* (Corpus Christi, Tex.Civ.App.1973) 493 S.W.2d 898, cert. denied, 415 U.S. 919, 94 S.Ct. 1418, 39 L.Ed.2d 474 (1974).

Appellants' final point of error complains that the jury's findings regarding the damages sustained by Appellee's vehicle were not supported by legally sufficient, or in the alternative, factually sufficient evidence. The jury found that the market value of Appellee Schomberg's vehicle immediately before the accident was $5000.00 and that the market value immediately after the accident was $4500.00. The only evidence in the record regarding these market values was the opinion testimony of Appellee Schomberg, the owner of the vehicle. Appellants assert that this opinion evidence is legally and factually insufficient because Ruby Schomberg was not properly qualified to state an opinion as to the value of her automobile before and after the accident.

■ It is well settled that the owner of property can testify as to his opinion regarding the value of his own property, even though he would not qualify to testify as to the value of like property belonging to another. *Cortez v. Mascarro* (San Antonio, Tex.Civ.App.1967) 412 S.W.2d 342, no writ. Our courts have also held that even if the owner's testimony is "halting and indefinite" it nonetheless will be sufficient to sustain a verdict when there is no controverting evidence (as there was none in this case). *Hartford Fire Insurance Co. v. Owens* (Ft. Worth, Tex.Civ.App.1925) 272 S.W. 611, err. ref. It is also well established that the qualifications of a witness to testify as to value is primarily to be determined by the trial court and in the absence of a clear showing of abuse such determination will not be disturbed on appeal. *Cortez v. Mascarro*, cited supra; also see *Emmco Ins. Co. v. Burrows* (Tyler, Tex.Civ.App.1967) 419 S.W.2d 665, no writ, and the cases cited therein on page 672.

■ In the instant case the Appellee testified that she had purchased her car in April of 1978 and that she had shopped extensively at that time. The collision occurred in October of 1978. Appellee also described the actual damages sustained by the vehicle in support of her opinion of the value of the automobile after the collision. Furthermore, as pointed out above, Appellee's testimony regarding value was uncontroverted by Appellants.

Under the record as a whole, we can find no abuse of discretion by the trial court in admitting the testimony of Appellee. We further hold that Appellee's testimony is legally and factually sufficient to support the jury's findings.

Having carefully considered all of Appellants' points of error and having overruled same, the judgment of the trial court is in all respects affirmed.

AFFIRMED.