**SOUTHWEST CRAFT CENTER,**
Appellant,

v.

**Beatriz HEILNER and Arnold M.
Hyman, Appellees.**

No. 16889.

Court of Appeals of Texas,
San Antonio.

Jan. 18, 1984.

Petition for Rehearing Granted in Part and Denied in Part Feb. 22, 1984.

Second Petition for Rehearing Denied March 20, 1984.

Ronald B. King, Foster, Lewis, Langley, Gardner & Banack, San Antonio, for appellant.

Gary D. Howard, J. Michael Putman, Putman & Putman, San Antonio, for appellees.

Before CADENA, C.J., and ESQUIVEL and REEVES, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment awarding money damages in a bailment case to the bailor and indemnification to the bailee from his landlord. We affirm.

Plaintiff, Beatriz Heilner, sued defendant, Arnold Hyman, on an oral agreement of consignment. Heilner had delivered certain loose gemstones to Hyman for him to find a buyer for them, and upon sale, receive a commission. Sometime after the delivery, but before Hyman could sell them, and while they were in his legal possession, Hyman's studio at the Southwest Craft Center was burglarized. The burglars took the gemstones that had been entrusted to him by Heilner, and also took some of his own jewelry.

Hyman joined Southwest Craft Center (SWCC) as a third party defendant, seeking indemnity from SWCC for any loss he may be held liable for to Heilner, and, in addition thereto, for money damages from SWCC for his own losses sustained in the burglary.

Trial was to the court. In its findings of fact and conclusions of law, the court found, *inter alia*, the following:

## V.

[T]hat ... at the time of ... delivery the precious stones and jewelry had a reasonable market value in San Antonio, Bexar County, Texas of $7,050.00.

## VI.

[T]hat [Hyman] failed to keep the precious stones and jewelry in a safe and secure place....

## VII.

[T]hat [such] failure ... constituted a breach of contract, as well as negligence.

## VIII.

[T]hat [Heilner] ... was damaged in the sum of $7,050.00.

\* \* \* \* \* \*

## X.

[T]hat SOUTHWEST CRAFT CENTER, through its agents, servants and employees, acting in the scope of their employment, represented to [Hyman] that the space to be rented was secured and protected against unwarranted envasion [sic] by persons intent upon committing theft.

## XI.

[T]hat SOUTHWEST CRAFT CENTER ... represented to [Hyman] that any theft, with the exception of shoplifting, was protected and covered by an applicable policy of theft insurance.

## XII.

[T]hat [Hyman] relied and believed that said theft insurance existed and was therefore damaged in the amount of $5,000.00.

## XIII.

[T]hat [Hyman] is entitled to indemnification from SOUTHWEST CRAFT CENTER in the sum of $5,000.00.

## CONCLUSIONS OF LAW:

## I.

[T]he material facts alleged in the petition of [Heilner] whereby [Hyman] was negligent and breached the contract in allowing [Heilner's] property to be stolen has [sic] been proved by a preponderance of the evidence; and that [Heilner] is entitled to a Judgment from [Hyman] in the sum of $7,050.00.

## II.

SOUTHWEST CRAFT CENTER represented to [Hyman] that theft insurance existed and [Hyman] relied upon said representation and is entitled indemnification from SOUTHWEST CRAFT CENTER in the sum of $5,000.00.

\* \* \* \* \* \*

SWCC's point one and defendant's points two and four, allege that there was no evidence to support the finding that defendant was negligent. We disagree.

■ When error is assigned on a "no evidence" point, we must affirm the trial court if there is more than a scintilla of evidence in support of the finding, looking only at the evidence in the light most favorable to the finding. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

■ It is well settled in Texas that in a bailment case, there is a presumption of negligence if goods entrusted to the bailee are lost, or not returned at all. *Trammell v. Whitlock*, 150 Tex. 500, 504–05, 242 S.W.2d 157, 159 (1951); *Jalco, Inc. v. Tool Traders, Inc.*, 535 S.W.2d 898 (Tex.Civ. App.—Houston [1st Dist.] 1976, no writ); *Astronauts Warehouses, Inc. v. Adams Sales Co., Inc.*, 508 S.W.2d 171 (Tex.Civ. App.—San Antonio 1974, no writ); *see also* 3 *Wigmore on Evidence* § 2508 (3d ed. 1940). The presumption is rebuttable. *Buchanan v. Byrd*, 519 S.W.2d 841, 843–44 (Tex.1975). The presumption prevails unless the bailee can show "some other cause of loss or injury." *Jalco, supra* at 901. Both Hyman and SWCC argue that the proof of the burglary was sufficient to

rebut the presumption of negligence. Many Texas cases hold that mere proof of loss by fire or theft is enough to rebut the presumption. However, the Texas Supreme Court in *Buchanan* stated that this rule was against the modern trend. *Buchanan, supra* at 844. In *Classified Parking Systems v. Dansereau*, 535 S.W.2d 14 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ), the court of civil appeals held, on the basis of *Buchanan,* that mere proof of loss by fire or theft was insufficient; the bailee must show his own lack of negligence. *Id.* at 15–16. The argument that the presumption was rebutted fails in light of *Classified.*

■ Although Hyman was "positive" at trial that he had locked the studio safe, San Antonio Police Department detective Larry Rowe, who investigated the burglary on April 23, 1976, testified the safe did not appear to have been forced, and Hyman could not recall whether he had locked the safe before leaving the studio that night. Despite the inconsistency, the court, as the trier of fact, was entitled to believe that Hyman did not lock the safe and thus had been negligent; and the court so found. We find that there was more than a scintilla of evidence supporting the finding of negligence, therefore, SWCC's point one, and Hyman's points two and four, are overruled.

Similarly, Hyman's points one and three, and SWCC's point two that there was insufficient evidence to find Hyman negligent, or that the court's finding was against the great weight and preponderance of the evidence, are overruled. The findings are not manifestly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 665, 244 S.W.2d 660, 661 (1951).

By his points seven and eight, Hyman alleges that there was no evidence, or, in the alternative, insufficient evidence to support finding of fact IV with respect to the value of Heilner's jewels. Although the stones had been purchased several years prior to their delivery to Hyman, Heilner testified, over objection, that the jewels were worth $7,050.00. The court

was of the opinion that the owner of property is qualified to testify to the value of the property at a particular time and place. We agree.

■ Texas follows the general rule that anyone familiar with the value of the property in question is competent to testify. *Cortez v. Mascarro*, 412 S.W.2d 342, 343 (Tex.Civ.App.—San Antonio 1967, no writ). The strength or weakness of the qualification goes merely to the weight of the testimony. *Id.* at 343. The test regarding competency is liberally applied when the thing in question is a chattel. It is even more liberally applied when the owner of the chattel is testifying. *Id.* at 343; *see also* 3 *Wigmore on Evidence* § 716 (3d ed. 1940). An owner may testify as to the value of *his own* property even though he would not be qualified to testify to the value of like property of others. *Tom Benson Chevrolet, Inc. v. Alvarado*, 636 S.W.2d 815, 823 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.); *Barstow v. Jackson*, 429 S.W.2d 536, 538 (Tex.Civ.App. —San Antonio 1968, no writ); *Hillin v. Hagler*, 286 S.W.2d 661, 663 (Tex.Civ.App. —Fort Worth 1956, no writ). The qualification of such a witness is a matter for the trial court, and the ruling of the trial judge will not be overturned on appeal absent a clear abuse of discretion. *Cortez, supra* at 343.

■ Heilner was able to recall which stones she delivered to Hyman, their approximate size, and their value. In the absence of testimony to the contrary, the court was justified in accepting her opinion of the value of her jewels. *Espinosa v. Schomberg*, 601 S.W.2d 161, 164 (Tex.Civ. App.—Waco 1980, writ ref'd n.r.e.); *Hartford Fire Insurance Co. v. Owens*, 272 S.W. 611 (Tex.Civ.App.—Fort Worth 1925, writ ref'd). She testified that she had seen similar jewels at two jewelry stores one week before she delivered the stones to Hyman. These observations were sufficient to qualify her testimony as to the market value of her jewels. *Dallas Hotel Co. v. Blanchette*, 246 S.W. 1065 (Tex.Civ.

App.—Dallas 1922, no writ). Hyman's points seven and eight are overruled.

The court did not err in allowing the introduction of receipts that Heilner received when she left the stones in Hyman's possession. Although Hyman assigned error on this point, it is not briefed and he cites no authority. The point is, therefore, overruled. *Ranger Insurance Co. v. Rogers,* 530 S.W.2d 162, 170 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.); TEX.R. CIV.P. 418(e).

In points of error five and six, Hyman complains of the trial court's finding denying judgment on his third party claim against SWCC for the loss of his jewelry. It should be noted that the trial court did not "find" against Hyman; Hyman's third party action against SWCC was never addressed. No mention is made of the third party claim in either the judgment or the findings. We can presume, however, that the court intended to, and did dispose of all parties and causes of action before it. *See North East Independent School District v. Aldridge,* 400 S.W.2d 893, 897–98 (Tex. 1966). There is no evidence of any negligence on the part of SWCC as regards the burglary, and further, the denial of relief was not manifestly wrong and unjust. SWCC committed no act or omission breaching a duty to defendant. We agree with reply points one, two and three of SWCC, that Hyman has waived any error on these points.

Based upon the finding that Hyman relied on a representation of theft insurance, the court awarded judgment against SWCC in favor of Hyman for indemnity in the amount of $7,050.00. In its findings of fact, however, the court found that Heilner's damages due to Hyman's negligence were $7,050.00; that Hyman's damages in relying on the representation of insurance were $5,000.00, and therefore, that Hyman should have indemnity against SWCC in the amount of $5,000.00. It is evident that the court's pronouncement at the close of argument, the judgment signed by the court, and the findings of fact and conclusions of law, are all in conflict as regards the relief awarded to Hyman in his action for indemnity.

In its argument under points of error three through eight, SWCC argues that Hyman is bound by the amount of indemnity recited in the findings. We agree. Hyman refers to the variance as a "scrivener's error."

 The rules of procedure in Texas provide a remedy for a party who is dissatisfied with findings of fact filed by the court. A party may either object to the findings, or request amended or additional findings. TEX.R.CIV.P. 298. Hyman did neither. In the case of a variance such as this, absent an objection, the findings of fact and conclusions of law *filed after the judgment,* are controlling if there is any conflict with the judgment. *Law v. Law,* 517 S.W.2d 379, 383 (Tex.Civ.App.—Austin 1974, writ dism'd). In light of the foregoing discussion, we hold that Hyman is only entitled to indemnity in the amount of $5,000.00. The judgment of the trial court is modified to reflect indemnity in the amount of $5,000.00, in conformance with the findings of fact and conclusions of law.

 The six remaining points are submitted by SWCC. In points of error three and four, SWCC complains of the finding that Hyman relied on a representation that theft insurance existed. There was testimony at the trial from a former director of SWCC that at a staff meeting of all tenants, the president of the Center stated that all thefts, except shoplifting, were covered by a policy carried by SWCC. The former director had herself been compensated by the insurance company for a loss she suffered in a burglary on March 16, one month before Hyman's loss. All of this testimony was uncontroverted by SWCC. We find that there was more than a mere scintilla of evidence supporting the finding. SWCC's point three is overruled. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965). In addition to the testimony of the former director, Hyman also testified about the staff meeting and that he, too, had heard the president of the Center's remark about insurance. In looking at the record

as a whole, we find that the trial court was correct in finding that Hyman relied on a representation of insurance, as the evidence was sufficient to support such a conclusion. *In re King's Estate*, 150 Tex. 662, 665, 244 S.W.2d 660, 661 (1951). SWCC's point four is overruled.

■ In point of error five, SWCC urges this court to reverse and render the judgment because the lease entered into by SWCC and Hyman expressly provided that the lessee (Hyman) assumed responsibility for the security of his premises. This is, in effect, a "no evidence" point. In passing on such a point, we look only to the evidence introduced at trial that supports the judgment. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). The evidence discloses that Hyman provided security in the form of a safe and the locks on the studio doors. The representations by the president of the Center in no way relate to the lease. The lease contract dealt with security, and the promises by the Center's director dealt with insurance coverage. SWCC's point of error five is overruled.

In point of error six, SWCC argues for reversal and rendition because a landlord is not an insurer of his tenant's premises. Although this general rule is correct, it has no application here. SWCC argues that liability on SWCC's part can only be predicated on a contractual or statutory obligation. There is no statute addressing this matter, therefore we turn to the contractual liability if any.

■ SWCC argues that promissory estoppel, *i.e.*, detrimental reliance by Hyman, cannot create a contract, and neither can it coexist with a contract. As pointed out earlier, the promises made by the Center president and the lease provisions speak to two different concepts. We agree with Hyman's argument that it is SWCC, not he, that is estopped from denying the enforceability of the promise. The Supreme Court of Texas stated in *Wheeler v. White*, 398 S.W.2d 93 (Tex.1965):

> The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden.

*Id.* at 96–97 (quoting, *Dickerson v. Colgrove*, 100 U.S. 578, 580, 25 L.Ed. 618 (1880)). Promissory estoppel merely prevents one from insisting on his strict legal rights when it would be unjust to enforce them. It does not create a contract where one previously did not exist. *Id.* at 96.

The fact that Hyman has never had insurance is not determinative of the issue. Hyman testified that he had looked into the possibility of securing insurance, but the cost, and the regulations of the Center forbidding "silver tape" of the kind used in alarm systems on windows, prevented him from acquiring insurance at that time. That is not to say that he would never have gotten a policy covering his studio. One cannot say with any degree of certainty that Hyman did not rely on representations of insurance.

■ Points of error seven and eight also relate to estoppel as regards the representation of insurance. Although the rules of law cited by SWCC are all valid, they have no application to this case. The authority relied upon by SWCC all involve facts where a party to a contract sued another party to the same instrument on the basis of estoppel in derogation of the contract. While it is true, therefore that estoppel cannot supplant an already existing contract, we hold that the lease contract in this case, and the promises made to Hyman are not related. Estoppel here is not creating a contract, it is prohibiting SWCC from changing its position to the detriment of Hyman.

SWCC's points of error six, seven and eight are overruled. The judgment of the trial court is MODIFIED to reflect the trial court's finding of fact XIII that Hyman receive indemnity of $5,000.00. The judgment of the trial court as MODIFIED, is AFFIRMED.